
CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 1 2020

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH FORMICA, | ) | |
| Petitioner, | ) | Civil Case No.: 7:19cv00039 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

Michael Joseph Formica, a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2014 conviction and sentence in Greene County Circuit Court. The respondent has filed a motion to dismiss. Upon review of the pleadings and the state court records, the court finds that Formica's petition is untimely filed, and therefore, the court will dismiss the petition.

I.

On July 29, 2014, a jury in the Greene County Circuit Court convicted Formica of twenty-three counts of violating a protective order on various dates between October 17, 2012 and September 19, 2013. On November 4, 2014, following a sentencing hearing and consideration of a pre-sentence report, the Circuit Court pronounced a sentence of 161 months, in accord with the jury's recommendation (seven months on each count, to run consecutively), to be followed by two years of supervised release. The Circuit Court entered judgment on November 17, 2014. Formica appealed his conviction and sentence to the Court of Appeals of Virginia, which denied his appeal by opinion and order entered September 8, 2015. On October 19, 2016, the Supreme Court of Virginia summarily denied

Formica's appeal from the Court of Appeals. Formica did not file a petition for writ of certiorari to the Supreme Court of the United States.

Formica filed a habeas petition in the Greene County Circuit Court on July 27, 2017, raising fifty-three issues. The Circuit Court dismissed the petition on October 8, 2017. On November 3, 2017, Formica filed a "motion to prepare record for appeal" in the Circuit Court and in the Supreme Court of Virginia. The Circuit Court clerk responded by letter dated November 8, 2017, noting that she was in receipt of his motion and expressing concern that he may not have received a copy of the order entered on October 8. Formica filed a handwritten notice of appeal dated November 7, 2017, delivered to the prison mail on November 8, and docketed by the Supreme Court of Virginia on November 9, 2017. On November 28, 2017, Formica requested a thirty-day extension, until February 5, 2018, to file his petition, which the Court denied by order entered December 14, 2017. Formica filed his petition, placing it in the prison mail on January 5, 2018. The Commonwealth of Virginia indicated by letter that the state would not be filing a response brief, because the notice of appeal was untimely. On March 19, 2018, the Supreme Court of Virginia dismissed the habeas appeal for lack of a timely notice of appeal and on May 2, 2018, denied Formica's motion to vacate the dismissal and grant rehearing.

Formica filed the instant § 2254 habeas petition on January 10, 2019, by placing it in the prison mail. His federal petition has consolidated his claims into eight issues. The court conditionally filed the petition, advised Formica that the petition appeared to be untimely filed, and gave him an opportunity to provide additional evidence or argument regarding the

timeliness of his petition. Formica amply briefed his eight claims, but he submitted nothing

further regarding the timeliness issue.

## II.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a

one-year period in which to file a federal habeas corpus petition. This statute of limitations

runs from the latest of:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2244(d)(1).

Formica has alleged nothing to support application of § 2244(d)(1)(B)-(D). Under

§ 2244(d)(1)(A), Formica's conviction became final on January 17, 2017, when his time to

file a petition for writ of certiorari to the Supreme Court of the United States expired, and

the statute of limitations began to run on that date.

Section 2244(d)(2) tolls the federal limitation period during the time in which "a

properly filed application for State post-conviction or other collateral review . . . is pending."

Id. Tolling is an interruption of the one-year period, a pause of the clock, so when Formica filed his habeas petition in Greene County Circuit Court on July 27, 2017, the statute of limitations stopped running on that date, after 191 days had elapsed, leaving 174 days of the year unused. Once the state habeas is no longer pending, the clock picks up where it left off; the one-year period does not begin anew when the state matter concludes. McHoney v. South Carolina, 518 F. Supp. 2d 700, 703–04 (D.S.C. 2007).

An application for post-conviction review or other state collateral proceeding is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000); see also Pace v. Diguglielmo, 544 U.S. 408, 414 (2005). Formica's state habeas was timely and properly filed, but the Respondent contends that the matter was no longer pending when the thirty-day window for appealing the dismissal expired. The circuit court dismissed Formica's state habeas petition by order entered on October 8, 2017.[1] Respondent argues that Formica's attempt to appeal the denial of his state habeas was untimely, and therefore, his state action was no longer "pending in any state court." Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). Rule 5:9(a) of the Rules of the Supreme Court of Virginia requires a notice of appeal to be filed within thirty days from entry of the final order. Thirty days from October 8 expired on November 7. Formica's notice of appeal was not placed in the prison mail until November 8, and thus, the notice was untimely.

If the state petition is untimely under state law, "that is the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414. Here, the Virginia Supreme Court

---

[1] The court notes that October 8, 2017, was a Sunday, an unusual day for entry of a final order.

expressly held that Formica's appeal was dismissed because he failed to file the notice of appeal in a timely fashion. The United States Court of Appeals for the Fourth Circuit has recognized that this rule is consistently and strictly enforced by the Virginia courts and is an independent and adequate grounds for the state's denial of relief. Wise v. Williams, 982 F.2d 142, 143–44 (4th Cir. 1992). In Wise, the court held that a petitioner's federal habeas claim was barred by his failure to file a timely notice of appeal from a circuit court order denying habeas relief. Id.[2] After November 7, 2017, then, there was no "properly filed" habeas proceeding pending in state court. At that point, the respondent argues that the one-year clock resumed with 174 days remaining. Formica did not file his § 2254 petition until January 10, 2019, at the earliest, or 426 days past November 7, 2017, well beyond the 174 days that remained on the statute.

The Supreme Court has recognized that the statute of limitations for habeas petitions is subject to equitable tolling, if the petitioner has pursued his rights diligently and some extraordinary circumstances prevented his timely filing. Holland v. Florida, 560 U.S. 631, 636, 649 (2010). Even if the court were to equitably toll the statute until March 19, 2018, that would not save his federal petition; the 174 days remaining on the statute would have expired on September 10, 2018, if the clock started running again on March 19, 2018. Formica filed his federal petition four months after that date, and his petition was untimely. Even if the court tolled the statute until May 2, 2018, when the state court denied his motion

---

[2] Although Wise involved procedural default under the exhaustion doctrine, it provides ample evidence that an untimely notice of appeal is fatal to an appeal being considered "properly filed" in the state habeas case and supports the conclusion that Formica's state habeas case was no longer properly pending in the state courts. At any rate, if the federal petition had been timely filed, Formica's claim would be procedurally defaulted because of the state court's dismissal on procedural grounds.

for rehearing, the deadline for filing his federal petition would have been due October 24, 2018. His § 2254 petition was not filed until January 10, 2019. Formica has not asked for equitable tolling, and the court finds no grounds for tolling the matter past the dismissal of his untimely, improperly-filed appeal of the dismissal of his state habeas action. Accordingly, Formica's petition is time-barred.[3]

## III.

Based on the foregoing, the court will dismiss Formica' § 2254 petition.

ENTER: This _21st_ day of January, 2020.

/s/ Michael F. Urbanski

_____
Chief United States District Judge

---

[3] Because this matter is being dismissed as untimely, Formica's outstanding motions herein (to preserve evidence, ECF No. 11; for release of property from Pocahontas Correctional Center, ECF No. 16; for evidentiary hearing, ECF Nos. 17 and 29; and to expand the record, ECF No. 36) will be dismissed as moot.