IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL JOSEPH FORMICA, | ) | |
|     Petitioner, | ) | Civil Case No.: 7:19cv00039 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | Chief United States District Judge |

Petitioner Michael Joseph Formica, a Virginia inmate proceeding pro se, originally filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2014 convictions in Greene County Circuit Court for twenty-three counts of violating a protective order. After review of the state court records, the court granted respondent's motion to dismiss on the grounds that the § 2254 petition was untimely filed. Formica v. Clarke, No. 7:19CV00039, 2020 WL 355219 (W.D. Va. Jan. 21, 2020). Formica has now filed, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a motion to amend or alter the findings of fact, an amended motion to amend or alter the findings of fact, a motion for a new trial (apparently pursuant to Rule 59(a) of the Federal Rules of Civil Procedure), and a motion to expand the record by leave of court pursuant to Habeas Rule 7 with a request for discovery pursuant to Habeas Rule 6. For the reasons set forth below, each of these motions shall be denied.

I.

In support of his Rule 59(e) motion, Formica alleges that the district court erred in finding his petition untimely and erred in refusing to grant the petitioner equitable tolling to prevent manifest injustice. In support of the motion, Formica recites the litigation

background and timetable that were already part of the record at the time of the initial decision on the § 2254 petition, including the filing of the late appeal from his state habeas petition to the Supreme Court of Virginia and his subsequently dismissed petition for a writ of certiorari to the United States Supreme Court.[1] Formica then reasserts the grievances raised in his § 2254 petition, apparently as his reasons for insisting that equitable tolling is necessary to prevent manifest injustice.

A motion to alter or amend a judgment under Rule 59(e) is not intended as a means for a dissatisfied litigant to reargue "the very issues that the court has previously decided." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). Rather, such a motion may be granted only in three situations:

> (1) [T]o accommodate an intervening change in controlling law;
> (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.

Id. There has been no change in the controlling law since the court's initial opinion finding his petition untimely, nor has he introduced any evidence not previously available to support his objection to the court's finding of untimeliness. What he argues is his belief about what witnesses might say, if he got to ask them whatever questions he wanted to ask on cross-examination, and what evidence police files might contain if he were allowed to look at them. That is not new evidence; it is simply rehashing his initial grievances about the trial.

---

[1] The amended motion to amend or alter the findings of fact is identical to the first motion, except that copies of his pleadings requesting extensions from the United States Supreme Court are attached. The court has already accepted that these motions were filed with the Court. Those requests for extension are irrelevant to the issues, as explained more fully in this opinion. The discussion of the Rule 59(e) motion in this section applies to both the original and the amended motions.

**A. Timeliness**

Formica contends that this court erred in finding his petition untimely because (1) the Supreme Court of Virginia wrongly determined that his notice of appeal from the circuit court's denial of habeas was not timely filed, and (2) he had requested extensions from the United States Supreme Court because of his health. These same assertions were made in his original § 2254 petition, and they still do not render his federal petition timely in this court.

The statute of limitations for filing a federal habeas petition is one year; as relevant to this case, the one-year limitations period starts on the date the judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Direct review includes a petition for a writ of certiorari in the United States Supreme Court, if the defendant so chooses. Clay v. United States, 537 U.S. 522, 527–28 (2003). As discussed in the court's prior opinion, Formica did not petition the Supreme Court during his direct appeals, and his state conviction became final on January 17, 2017, the expiration of the time for requesting certiorari. The one-year statute of limitations for filing his federal habeas claims began to run on that date. Had there been no further proceedings in the state court, his federal habeas petition would have been due on or before January 17, 2018.

To encourage litigants to fully exhaust their claims in state court, the statute has a tolling provision which stops the clock from running while a properly filed state habeas petition is pending. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (citing 28 U.S.C. § 2244(d)). Whether such a state proceeding has been properly filed and whether it is

pending depends on <u>state</u> rules and laws, so long as the state rule is consistently and strictly enforced by the state court. <u>Pace v. Diguglielmo</u>, 544 U.S. 408, 414 (2005).

There is no dispute that Formica properly filed his state habeas petition on July 27, 2017. At that time, 191 days had elapsed, leaving 174 days left of the 365-day statute of limitations. So long as the state habeas remained pending, the statute was tolled. A matter is "pending" in the state court so long as it has not been completed. <u>Carey v. Saffold</u>, 536 U.S. 214, 220 (2002). The time between a judgment in one court and filing an appeal in the next court continues to toll the federal habeas statute of limitations "<u>provided that</u> the filing of the notice of appeal is timely under state law." <u>Evans v. Chavis</u>, 546 U.S. 189, 191 (2006). If the appeal is not timely filed, the appellate court has no jurisdiction, and the case is ended. <u>Wellmore Coal Corp. v. Harman Mining Corp.</u>, 568 S.E.2d 671, 672, 264 Va. 279, 282 (2002).

State law determines whether the state appeal is timely, and a federal court on habeas review must defer to the state's interpretation of its own law. <u>Pace</u>, 544 U.S. at 414; <u>Carey</u>, 536 U.S. at 226. The Supreme Court of Virginia specifically held that Formica's notice of appeal was untimely. "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67–68 (1991). In other words, the state found the appeal untimely, and the federal court is not allowed to make a different decision on that state law issue.[2] The only proper inquiry for the

---

[2] Even if the timeliness of the state habeas were an issue that federal courts could review on habeas, the court would be compelled to reject Formica's argument that he had timely placed his notice in the prison mail on November 7, 2017. Rule 3A:25 of the Rules of the Supreme Court of Virginia specifies three ways in which an inmate may establish when his pleading is deposited into the institutional mail: An official stamp of the institution, an official postmark, or a notarized statement signed by an official of the institution. The only evidence in compliance with that rule was the

4

federal court is whether the state rule is consistently and strictly enforced, thereby constituting an independent and adequate ground for the state's denial of relief; the Fourth Circuit Court of Appeals has long recognized that Virginia's thirty-day limit for filing a notice of appeal is a consistently and strictly enforced rule, constituting an independent and adequate ground for denying relief. Wise v. Williams, 982 F.2d 142, 143–44 (4th Cir. 1992). Thus, the state habeas ended on November 7, 2017, the last date on which Formica could have appealed to a higher state court. The federal court must interpret the federal tolling statute as written and in accord with prior decisions of the Supreme Court. That means the court must defer to the state court determination of when Formica's state habeas was no longer pending in state court.

Unlike determining when direct review ends, determining when state postconviction review is complete for purposes of the tolling statute is governed by a different standard, and the time for seeking certiorari in the United States Supreme Court is not included in the tolling provision. Lawrence v. Florida, 549 U.S. 327, 332 (2007). Therefore, the statute of limitations began running again on November 8, 2017, as explained in the previous opinion. What happened during Formica's efforts to petition the Supreme Court after the state habeas proceedings has no bearing on the timeliness of his federal habeas petition. If the Court had accepted the petition and docketed the case for argument, the federal habeas statute of limitations would still have been running until the remaining 174 days passed, expiring on May 1, 2018. That is the date by which Formica should have filed his federal

---

statement of the prison official that the notice was delivered to the prison mail on November 8, 2017. The state court's factual and legal determinations on this issue were clearly reasonable.

habeas petition in this court to be timely under the statute, but he did not mail his petition until January 10, 2019, making it untimely.

**B. Equitable Tolling**

In challenging the court's refusal to equitably toll the statute of limitations for an additional 252 days beyond the expiration of the statutory limit, Formica alleges that he requested an evidentiary hearing on the timeliness issue. He is incorrect. His first motion for an evidentiary hearing, filed May 1, 2019, requested a hearing to develop the record he was not allowed to develop in state court to support his substantive habeas claims on the following four issues: (1) whether "fraudulent" advice of his attorney compromised petitioner's ability to make a knowing and intelligent decision on proceeding pro se in his trial; (2) whether the trial judge was biased against him; (3) whether standby counsel's refusal to assist pre-trial and during trial violated petitioner's right to due process; and (4) whether petitioner knowingly attempted to bypass procedural rules. His amended motion for an evidentiary hearing, filed May 28, 2019, added one additional issue: Whether the Virginia Supreme Court unfairly dismissed his state habeas appeal. As discussed in the previous section, the state court's interpretation of its own procedural and timeliness rules is a matter of state law, not cognizable on federal habeas review. Although the state court's decision on that issue affects the timing requirements for a federal habeas petition, the two issues are different, with each issue decided by different tribunals. A federal evidentiary hearing on whether the state court correctly decided the state law issue would have been outside the scope of a proper habeas review.

On January 18, 2019, the federal court entered an order conditionally filing Formica's petition, assessing a filing fee, and giving Formica fourteen days to provide additional argument or evidence regarding the timeliness of his petition, which appeared to be untimely. Formica provided the filing fee promptly, but nothing about the timeliness issue until May 20, 2019, when he filed an objection to the respondent's claim of untimeliness. The objection listed the same procedural and medical history included in the current Rule 59(e) motion, except that some dates differed by one or two days. The detailed discussion of timeliness in the prior section explains why this court is bound by the state's decision that the notice of appeal was untimely in that case and why the procedures in the United States Supreme Court are irrelevant in calculating the statutory due date of Formica's federal habeas petition, though these factors could have some bearing on equitable tolling.

In the court's original opinion in this habeas case, the court considered the effect of equitable tolling to put Formica where he would have been if the Supreme Court of Virginia had issued opinions on the merits on March 19 and May 2, 2018, rather than a dismissal for untimeliness. Had this court equitably tolled the limitation to that later date, May 2, removing any adverse effect of the state court's strict procedural rule, Formica's § 2254 petition would still have been untimely by nearly three months. Equity is not served by allowing a filing significantly later than warranted by the circumstances giving rise to the delay. Accepting that Formica received late notice of the circuit court's habeas decision, and that the state court took more than four months to dismiss the appeal as untimely, there is no reason to toll the federal habeas statute of limitations later than the second decision of the state court, denying his motion for reconsideration. This argument is supported by the

7

fact that Formica still had time to file his federal petition after the March 19, 2018, opinion without the need for equitable tolling. He could have filed his petition by May 1, 2018 and been within the statute of limitations. If, despite sufficient time for Formica to file a timely petition after March 19, the court equitably tolled the statute until the opinion of March 19, 2018, starting the 174 days left from that date, equity would justify accepting his petition before September 10, 2018.

Equitable tolling is permitted only if a petitioner has pursued his rights diligently and some extraordinary circumstance beyond his control prevented him from filing on time. Holland v. Florida, 560 U.S. 631, 636, 649 (2010). There were no extraordinary circumstances here, only Formica's misunderstanding of the statute of limitations and how the tolling provision worked. The Fourth Circuit Court of Appeals has rejected a pro se prisoner's ignorance of the law as grounds for equitable tolling. United States v. Sosa, 364 S.E.3d 507, 512 (4th Cir. 2004). Likewise, the court held that "misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance" beyond the petitioner's control. Id. This misunderstanding of the law led Formica to pursue reconsideration in the Supreme Court of Virginia, followed by certiorari in the United States Supreme Court, rather than filing his federal habeas claim. Had he been diligent, he would have filed his federal petition as soon as he received the opinion on March 19, 2018, and if he still wished to pursue reconsideration and certiorari, he could have requested a stay in the federal court, as he did in January 2019 when he was still awaiting a decision on his petition for a writ of certiorari. Accordingly, Formica has not met the preconditions for application of equitable tolling.

## C. Actual Innocence

In his Rule 59(e) motion, for the first time, Formica attempts to raise a Schlup claim of actual innocence to avoid the statute of limitations. This argument fails because Formica has not met the first requirement of such a claim: introduction of new evidence that was not available to the defendant at the time of trial. A claim of actual innocence requires a petitioner to come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). Only after new, reliable evidence is offered does the court weigh all the evidence, including the new evidence, to determine if a reasonable juror, more likely than not, would find reasonable doubt. House v. Bell, 547 U.S. 518, 538 (2006). That is the "actual innocence gateway." After the petitioner has introduced new evidence and the court has considered all of the evidence in light of the new evidence, then found this likelihood that a jury would not convict, only then can a federal habeas court consider the constitutional challenges raised in an untimely habeas petition. Id.

Formica attempts to turn this gateway backwards by theorizing that he can find evidence of his actual innocence if only he can have discovery of the investigative files and a hearing. Such a procedure is contrary to the narrow exception intended by the Court; every convicted person would claim that the investigating officer lied and that the official police records would prove it, if only they could get the records. That would tremendously increase the burden on judicial resources and threaten the principles of finality and comity

that the Supreme Court intended to protect. Schlup, 513 U.S. at 324. Thus, Formica has failed to present a valid gateway claim of actual innocence.

Because Formica's petition was untimely under the statute and neither equitable tolling nor the actual innocence gateway applies, his Rule 59(e) motion will be denied.

## II.

Formica's motion for a new trial is, essentially, a successive habeas claim, seeking to relitigate the issues raised in his original § 2254 petition. Any filing that seeks relief from a state court's judgment of conviction is an application for habeas corpus relief. Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). Because the court has already ruled on Formica's habeas petition, he cannot file a second or subsequent habeas without prior authorization from the Fourth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3). Further, the issues raised are the same as those raised in the prior habeas petition and cannot be relitigated in a new application. 28 U.S.C. § 2244(b)(1). Accordingly, the court will dismiss this motion.

## III.

Under its language, Rule 7 permits expansion of the record "[i]f the petition is not dismissed." The court dismissed Formica's habeas petition, and accordingly, his motion to expand the record is both untimely and unsupported by the Rules Governing Section 2254 Cases (hereafter, Habeas Rules).

Likewise, Rule 6 of the Habeas Rules requires a party requesting discovery to show good cause. A habeas petitioner is not entitled to discovery as a matter of right. Good cause must include "specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." Stephens v. Branker, 570 F.3d 198, 213 (4th Cir.

2009). "Speculation that additional information may exist" is not sufficient. Id. Formica's request does not meet the standard. In any event, because his petition has been dismissed as untimely, discovery is not appropriate and will be denied.

### IV.

Based on the foregoing, the court will dismiss Formica's motion to amend or alter the findings of fact, amended motion to amend or alter the findings of fact, motion for a new trial, and motion to expand the record by leave of court pursuant to Habeas Rule 7 with request for discovery pursuant to Habeas Rule 6.

**ENTER:** This 6th day of July, 2020.

_____
Chief United States District Judge

Mike Urbanski
cn=Mike Urbanski, o=US Courts,
ou=Western District of Virginia,
email=mikeu@vawd.uscourts.gov, c=US
2020.07.06 17:54:49 -04'00'